ABRAHAM STOVALL v. STATE OF MISSISSIPPI.

[47 South. 479.]

CRIMINAL LAW AND PROCEDURE. *Homicide. Murder. Accidental killing. Manslaughter instructions.*

Where a defendant charged with murder is either manifestly guilty as charged or wholly innocent of the crime, a state's instruction authorizing a conviction of manslaughter is fatally erroneous.

FROM the circuit court of Madison county.

HON. WILEY H. POTTER, Judge.

Stovall, the appellant, was indicted and tried for the murder of one Mary Jane Richards, was convicted of manslaughter and sentenced to the penitentiary for one and one half years, and appealed to the supreme court.

Appellant and the woman whom he killed met each other in the road a short distance from her home. Their past relationship had been friendly, in fact intimate. Appellant asked her for his pistol which she had borrowed from him the day before, and the woman, having it at the time upon her person, gave it to him. Appellant then asked her for its scabbard, and as she did not have it with her they went together to her home to get it,

one Prichard, who subsequently testified in the case, going along with them. Arriving at her home she gave the scabbard to appellant, and they engaged in friendly conversation, Prichard being near the doorway. The pistol was of the hammerless kind, and while they were talking the weapon was suddenly discharged, the bullet from it striking the woman in the head and killing her instantly. Appellant testified that the pistol was accidentally discharged while he was attempting to break or unbreech it. Prichard testified that there had been no quarrel or unfriendly conversation between appellant and the woman prior to the homicide, that he saw the shooting but was unable to say whether it was intentional or accidental. No motive whatever was shown for the shooting, no bad feeling was shown to have existed, between appellant and the woman at any time prior to the killing. Immediately after the shooting the appellant notified the owner of the farm he worked of the killing, came to the county seat, and voluntarily surrendered to the sheriff, expressing his regret at the occurrence, and stating that it was an accident.

*W. H. Powell, Huber & Powell,* for appellant.

Under the facts in evidence, the appellant cannot be guilty of manslaughter, even though the jury found him so. Appellant was either guilty of murder or the killing was accidental and he was excusable. There can be no grade in the offense, if he intentionally killed the deceased.

The first instruction for the state is fatally erroneous in charging the jury as to manslaughter. As said by this court in *Virgil v. State,* 63 Miss. 317, "the danger from such an instruction is that the jury may take license from it to find a verdict of manslaughter upon testimony upon which they would shrink from rendering a verdict of guilty of the higher crime charged."

*George Butler,* assistant attorney-general, for appellee.

As a proposition of law the first instruction for the state is not erroneous. By it the jury are advised that every willful

killing of a human being, which is not warranted or excused by law, is either murder or manslaughter; manslaughter if done in the heat of passion, and murder if deliberately done. *Evans v. State,* 44 Miss. 762; *Hawthorne v. State,* 58 Miss. 778; *Murphy v. State,* 89 Miss. 827, 42 South. 877.

WHITFIELD, C. J., delivered the opinion of the court.

On the facts in this case this killing was most manifestly murder or nothing. If the killing was accidental, the defendant was guilty of no offense. If it was not accidental, he was guilty of murder beyond all controversy.

The giving of a manslaughter instruction in such a case was manifestly error, and for this error the judgment is reversed, and the case remanded. *Virgil v. State,* 63 Miss. at page 320.

